# ORIGINAL

FILED
U.S. DISTRICT COURT

2009 SEP 28 PM 4: 05

CLERK _L. Jllnder_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY FOX, a/k/a ROBERT MARVIN FOX, JR., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | CV 109-097 |
| CIRCUIT COURT OF TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA; BILL MCCOLLUM, Attorney General of Florida; CHARLIE CRIST, Governor of Florida; ALETHEA BROWN, Florida Dep't of Corr. Probation Officer; VICTOR WALKER, Warden; and THERMOND BAKER, Attorney General of Georgia, | ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate confined at Augusta State Medical Prison ("ASMP") in

Grovetown, Georgia, filed the above-captioned petition ostensibly pursuant to 28 U.S.C.

§ 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that

the motion for a hearing be **DENIED** (doc. no. 3), the petition be **DISMISSED**, and that this

civil action be **CLOSED.**[1]

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

## I. BACKGROUND

According to Petitioner, he was sentenced in Florida to 12 years of probation on the charges of attempted sexual battery, performing a lewd act on a child, and contributing to the delinquency of a minor. (Doc. no. 1, p. 12). Though Petitioner seems to equivocate about whether he actually violated his probation by moving from his residence in Florida without the permission of his probation officer (see doc. no. 1, p. 12; doc. no. 2, p. 1), he admits that he was later arrested in Georgia on multiple child molestation charges and sentenced to 13 years of imprisonment. (Doc. no. 1, p. 12). As noted above, he is currently incarcerated at ASMP. According to Petitioner, between his arrest and conviction, Florida law enforcement officials were notified he was in custody in Georgia and placed a "hold" on him. (Id.).

Petitioner goes on to state that in 2003, he became aware that the State of Florida had also lodged a detainer against him for violating his probation. (Id.). He states that he has never received a hearing on his probation violation charge, though he has apparently tried to resolve this issue by "repeatedly fil[ing] motions and writ[ing] letters", which he states have gone unanswered. (Id.). He contends that, in addition to violating his Due Process rights under the 14th Amendment, Respondents have also violated the Interstate Agreement on Detainers Act ("IADA"), Pub. L. 91-538, 84 Stat. 1397, and the Speedy Trial Act, Pub. L. 93-619, 88 Stat. 2076, by failing to promptly prosecute him on the probation violation charge. (Id. at 13-14).[2] He further contends that he has been "prejudiced beyond repair" in

---

[2]While Petitioner cites multiple cases and goes on at length about how his rights have been violated (see doc. no. 1, pp. 13-22 & Exs. A-O; doc. no. 2), the crux of his claim is that Respondents have violated his due process rights and rights under the IADA and the Speedy Trial Act in failing to promptly hold a hearing on the probation violation charge.

his ability to defend himself in whatever hearing may eventually be held on the probation violation charge. (Id. at 13). Petitioner specifically states that he is challenging any future confinement that may be imposed because of the probation violation warrant and requests that the Court dismiss the warrant for "inordinate delay and failure to prosecute." (See id. at 14, 17; doc. no. 2, p. 3). Inasmuch as Petitioner contends that his IADA rights have been violated, it appears that he is seeking removal of the detainer as well.

The Court notes that Petitioner filed his first petition ostensibly pursuant to § 2241 on March 19, 2009, asserting that the detainer lodged by the state of Florida was affecting his "future confinement," which he described as his eligibility for parole, work release, and placement in a halfway house, along with his security classification and his ability to participate in educational and rehabilitation programs. See Fox v. Circuit Court of the Tenth Judicial Circuit in and for Polk County, Fla., CV 109-037, doc. no. 1, p. 4 ("CV 109-037"). Petitioner also alleged that Respondents had violated the IADA and the Speedy Trial Act by failing to prosecute him on the probation violation charge within 180 days of his request that the charge be resolved. Id. at 5-6. He contended that these errors entitled him to removal of the detainer and dismissal of the probation violation warrant. Id. at 8.

In screening the petition, the Court found that the IADA was inapplicable to detainers based on probation violation charges and that the proper remedy for seeking removal of the detainer was to file a petition for mandamus relief in the county that lodged the detainer against him. CV 109-037, doc. no. 7, pp. 3-4. The Court also found that the provisions of the Speedy Trial Act did not apply to him. Id. at 4 n.4. As to Petitioner's claims that the detainer was affecting his "future confinement," the Court found that these claims did not

3

provide a basis for relief because Petitioner had no constitutionally protected interest in early release, placement in a halfway house, a particular security classification, or educational and rehabilitation programs. Id. at 4-5. Accordingly, the Court recommended that the petition be dismissed, and on July 16, 2009, the presiding District Judge adopted this recommendation and dismissed the petition. CV 109-037, doc. no. 10. Petitioner then filed the instant petition and a motion for a hearing. (Doc. nos. 1, 3).

## II. DISCUSSION

### A. No Need for Evidentiary Hearing

When reviewing a habeas corpus petition, the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243, ¶ 8. However, an evidentiary hearing is not required for every petitioner. Tijerina v. Thornburgh, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted). Indeed, district courts are not required to hold evidentiary hearings unless the petitioner meets his burden of alleging facts, which if true, would entitle him to relief. See Anderson v. United States, 898 F.2d 751, 753 (9th Cir. 1990) (per curiam) (§ 2241 petition); Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989) (§ 2254 petition). As explained in further detail below, Petitioner has not alleged any facts, which if proven true, would entitle him to relief. Accordingly, there is no need for an evidentiary hearing, and Petitioner's motion for a hearing should be **DENIED**. (Doc. no. 3).

### B. Screening the Section 2241 Petition

Petitioner has specifically stated in the instant petition that he is challenging the validity of his future confinement based on any sentence that may be imposed because of the

4

outstanding probation violation warrant, not on the basis of the detainer as alleged in his previous petition. As a basis for challenging the probation violation charge of moving without permission, he asserts that Florida has failed to prosecute it with reasonable promptness and thus the warrant should be dismissed. As a general rule, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The Supreme Court has further indicated that a petition for a writ of habeas corpus may also be used "to attack future confinement and obtain future releases." Id. at 487; see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488-89 (1973) (citing Peyton v. Rowe, 391 U.S. 54 (1968)) (noting that habeas corpus petitioners are no longer restricted to challenging their current confinement but may attack their future confinement as well).

Here, Petitioner is challenging his possible future confinement based on the existence of a probation violation warrant and any sentence that may be imposed if he is found guilty of violating his probation. However, this does not mean that Petitioner is entitled to the relief he seeks in the instant petition. In Braden, the Supreme Court drew the distinction between a habeas petitioner that only sought to be returned to the state court to face criminal charges and a petitioner seeking to litigate a defense to those charges in federal court. Braden, 410 U.S. at 489. The Court found that the former was available in habeas petitions, but not the latter, noting that habeas corpus petitions may not be brought "to litigate a federal defense" or "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (citing Ex Parte Royall,

5

117 U.S. 241, 253 (1886)). Though Petitioner is not facing a state criminal charge, he is facing charges that he violated his probation and is seeking dismissal of the probation violation warrant based on his claims that his due process rights and other rights under the IADA and Speedy Trial Act have been violated. In other words, he is seeking to litigate a federal defense to the probation violation charges pending in Florida. Accordingly, Petitioner is not entitled to the relief he seeks in this § 2241 petition.

The Court also notes that Petitioner's arguments regarding alleged IADA and Speedy Trial Act violations that he asserts entitle him to relief were raised and adjudicated in Petitioner's prior case. See CV 109-037, doc. no. 7, *adopted by* doc. no. 10. Where a petition, brought pursuant to § 2241, raises claims that have been previously litigated and adjudicated in a prior habeas proceeding, the claims are barred by the successive writ rule. Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir.1990) (*per curiam*) (citing 28 U.S.C. § 2244(a)); see also Baynes v. Zenk, 215 Fed. App'x 932, 933 (11th Cir. 2007) ("Claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a)."). Section 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Here, Petitioner has raised the same IADA and Speedy Trial Act arguments that he did in CV 109-037 as a basis for the requested relief. As previously noted, the Court recommended dismissal of the petition because neither the IADA or the Speedy Trial Act applied to Petitioner's case; the presiding District Judge adopted the recommendation and

6

dismissed the petition. As the above-captioned petition, brought pursuant to § 2241, raises the same IADA and Speedy Trial Act arguments as in CV 109-037, any claims based on these arguments are also barred by the successive writ rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion for a hearing be **DENIED** (doc. no. 3), the petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this _28_ day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7